**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  JONES SODA COMPANY SECURITIES LITIGATION.<br><br>------------------------------<br><br>ROBERT E. BURRELL; MARYJANE BURRELL; BRIAN BURRELL; RON BREJTFUS; ROBERT B. DAIL, JR.; ERIC JANKOWSKI, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs - Appellants,<br><br> v.<br><br>JONES SODA COMPANY; PETER M. VAN STOLK,<br><br>          Defendants - Appellees. | No. 09-35732<br><br>D.C. No. CV 07-01366-RSL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted July 15, 2010
Seattle, Washington

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  REINHARDT, GRABER, and PAEZ, Circuit Judges.

Plaintiff Robert E. Burrell and others appeal the dismissal of their securities fraud class action against Defendants Jones Soda Company and its former Chief Executive Officer, Peter M. van Stolk.  Plaintiffs allege that Defendants misled investors by overstating their efforts and accomplishments as Jones Soda entered the carbonated, canned soft drink market, leading to an over-valuation of Jones Soda's stock.  The district court dismissed the first amended complaint and denied Plaintiffs' motion to file a second amended complaint.  Plaintiffs appeal the denial of their motion to file a second amended complaint.  We review that ruling for an abuse of discretion.  Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009).

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78u-4, 78u-5, requires that shareholders filing private securities actions must meet heightened pleading requirements.  Specifically, plaintiffs "must allege:  (1) a misstatement or omission (2) of a material fact (3) made with scienter (4) on which [the plaintiffs] relied (5) which proximately caused their injury."  DSAM Global Value Fund v. Altris Software, Inc., 288 F.3d 385, 388 (9th Cir. 2002).  Further, plaintiffs must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the

2

statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u-4(b)(1).  In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must, as to each act or omission alleged to violate the securities laws, "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2).  In sum, private securities plaintiffs must "plead with particularity both falsity and scienter."  Ronconi v. Larkin, 253 F.3d 423, 429 (9th Cir. 2001).

In their proposed second amended complaint, Plaintiffs failed to allege specific, contemporaneous statements that were deliberately misleading when made.  See Ronconi, 253 F.3d at 432 ("[T]he complaint must contain allegations of specific 'contemporaneous statements or conditions' that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made.").

With regard to falsity, the proposed complaint does not contain factual allegations sufficient to demonstrate that the Defendants' statements regarding the canned-soda initiative were untrue.  Defendants never claimed that their investments were sufficient or adequate to ensure that the canned-soda initiative would be profitable.  Plaintiffs mischaracterize the statements made by Mr. van

3

Stolk; Defendants did not state that they would pay $30 million—or any particular amount—specifically to promote or distribute canned soda. Indeed, Jones Soda incurred expenses related to promotion and sales in the carbonated soft drink market, which Plaintiffs acknowledge but claim were not enough to achieve Defendants' goals. Plaintiffs failed to raise a strong inference that any of Defendants' statements regarding their efforts to maximize Jones Soda's share of the carbonated, canned soft drink market was false, as distinct from overly optimistic.

Faulting a company for poor business decisions does not equal scienter, either. Plaintiffs must "specify facts or evidence that show why the statement[s were] false at the time [they were] made." Id. at 431. Apart from Plaintiffs' series of conclusory allegations that Defendants knew or recklessly disregarded the falsity of their statements, Plaintiffs point to a single fact from which they infer scienter: Mr. van Stolk allegedly received certain sales data from major retailers. The proposed complaint does not say what sorts of data were included in the reports, or which retailers the data covered. This single factual allegation is not sufficient to create a strong inference that Defendants deliberately misled their investors.

4

Because the proposed second amended complaint did not cure the deficiencies of the extant complaint, the district court did not abuse its discretion.

AFFIRMED.

*Burrell v. Jones Soda*, No. 09-35732

REINHARDT, Circuit Judge, dissenting.

Appellees Jones Soda Company and CEO Peter M. van Stolk engaged in false statements in order to secure investments for its entry into the $66 billion carbonated soft drink (CSD) market. Van Stolk claimed that in order to support its CSD rollout to more than 14,000 new retailers, Jones Soda would be "hiring additional personnel, making upgrades to [its] infrastructure, and increasing [its] sales and marketing expenditures." ER 38 (¶ 34). In fact, Jones Soda made no infrastructure upgrades or marketing expenditures, ER 44 (¶ 48), 52-53 (¶¶73-74), 66-67 (¶115), and hired just eight new sales and marketing employees. ER 66 (¶ 114). Even if all eight were assigned full-time to the CSD initiative, each of these new hires would have been required to take on sole and full responsibility for promoting and marketing 1750 new stores, an unlikely task. ER 65 ¶ (109).

The company never made the resource investments it promised to support its CSD initiative; Jones Soda and Van Stolk were well aware that the company suffered "continuous out of stocks" ER 53, 68 (¶¶74, 1191) and "didn't have the manpower to make sure the shelves were merchandised," ER 66-67 (¶115), yet never disclosed these facts to investors at any time during the Class Period.

1

The majority does not contest any of these facts. Instead, it asserts that appellees' statements to investors were not false but "overly optimistic," (Maj. Memo. 4) because Jones Soda and Van Stolk "never claimed that their investments were sufficient or adequate to ensure that the canned-soda initiative would be profitable." *Id*. The majority misperceives the appellees' obligations to potential investors. In this case, appellee certainly should have been aware that its misrepresentations regarding its future improvements to personnel, infrastructure, and marketing expenditures would give the impression that Jones Soda would be far better equipped to carry out the proposed initiative than it knew it would be. If the majority's conclusions were right, there would be little deterrent to a company's deliberate inflation of its qualifications to investors.

I dissent.